IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
       v.                      )      Criminal Action No.
                               )      07-00411-03-CR-W-HFS
LAFAYETTE BROWN,               )
                               )
              Defendant.       )

### REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS

Before the court is defendant's motion to dismiss for violation of his Constitutional right to a speedy trial. I find that defendant's Sixth Amendment right to a speedy trial has not been violated. Therefore, defendant's motion should be denied.

## I.   BACKGROUND

On December 6, 2007, an indictment was returned charging defendant, along with six others, with conspiracy to distribute cocaine and heroin. Defendant's initial appearance took place on December 19, 2007. The government moved for a detention hearing and on December 21, 2007, I entered an order detaining defendant without bond. My decision was based in part on the following facts:

★   Defendant had a parole violator's warrant outstanding with a no-bond provision

★   Defendant's criminal history includes at least 77 separate arrests, at least 12 felony convictions, weapons offenses, drug offenses, violent crimes, and sex offenses

★   Defendant has had parole revoked in the past, and he was on parole at the time the offense in this indictment was committed

Co-defendant Billy Duren filed a motion to continue on January 22, 2008. Defendant Brown did not object to that continuance request. The motion as granted

and the trial was set for March 2008. On February 20, 2008, co-defendant Deawnta Staley filed a motion to continue. The motion states that after all parties conferred, it was agreed that October 2008 was a realistic trial setting. That motion was granted.

On September 1, 2008, defendant filed a motion for speedy trial in order to preserve his right to argue this issue on appeal, and to prevent any continuances beyond the November 3, 2008, trial setting (the second week of the October trial docket had been requested). On October 7, 2008, the motion was denied as premature.

On October 10, 2007, co-defendant Billy Duren filed a motion to continue on the ground that his attorney had been appointed as a special prosecutor in a 2006 case (i.e., older than this one) which had not been resolved and was scheduled for trial the same time as this trial. Counsel stated that the other attorneys in this case knew about this potential conflict. Defendant objected to the continuance. I held a status conference on October 27, 2008. During the conference, the attorneys agreed that this case could be set on the second week of the March 23, 2009, trial docket. An order was filed continuing the case to March 30, 2009.

On March 19, 2009, counsel for co-defendant Deawnta Staley filed a motion to continue on the ground that she had to attend to a family emergency. Counsel had contacted the court prior to filing her motion and relayed that her child had suffered an accident and was in critical condition. The continuance granted was from March 30, 2009, until April 27, 2009 -- less than one month.

## II.   CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." The speedy-trial right is "amorphous,"

"slippery," and "necessarily relative." *Barker v. Wingo*, 407 U.S. 514, 522 (1972),

(quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)).  It is "consistent with delays and

depend[ent] upon circumstances." 407 U.S. at 522 (internal quotation marks omitted).

In *Barker*, the Court refused to "quantif [y]" the right "into a specified number of days

or months" or to hinge the right on a defendant's explicit request for a speedy trial. *Id.*,

at 522-525. Rejecting such "inflexible approaches," *Barker* established a "balancing test,

in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 529,

530. "[S]ome of the factors" that courts should weigh include "[l]ength of delay, the

reason for the delay, the defendant's assertion of his right, and prejudice to the

defendant." *Ibid.*

Primarily at issue here is the reason for the delay in defendant's trial. *Barker*

instructs that "different weights should be assigned to different reasons," *id.*, at 531, and

in applying *Barker*, the Supreme Court has asked "whether the government or the

criminal defendant is more to blame for th[e] delay." *Doggett v. United States*, 505 U.S.

647, 651 (1992). Deliberate delay "to hamper the defense" weighs heavily against the

prosecution. *Barker*, 407 U.S., at 531, 92 S.Ct. 2182. "[M]ore neutral reason[s] such as

negligence or overcrowded courts" weigh less heavily "but nevertheless should be

considered since the ultimate responsibility for such circumstances must rest with the

government rather than with the defendant." *Ibid.*

In this case, the additional 28-day continuance was granted due to a significant

family emergency of a co-defendant's attorney.  Title 18, United States Code, Section

3161(h)(7)(B)(iv) provides that the speedy trial time is excluded where failure to grant a

continuance would deny a defendant continuity of counsel.  Refusing to grant the

3

continuance requested would have resulted in co-defendant Staley's attorney being replaced. Forcing a new attorney to be prepared for trial in just over a week would result a miscarriage of justice.

Furthermore, a showing of prejudice is required to establish a violation of the Sixth Amendment right to a speedy trial. *Reed v. Farley*, 512 U.S. 339, 353 (1994), citing *Barker v. Wingo*, 407 U.S. at 530. Defendant suggests only that his own memory is fading, but he does not provide an adequate explanation as to how his memory will fade to a prejudicial level within the next 28 days.

**III.    CONCLUSION**

Based on all of the above, I find that defendant's Constitutional speedy trial rights have not been violated by the delays thus far. Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss for speedy trial violations. Counsel are reminded that each has ten days from the date of this Report and Recommendation to file specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 20, 2009

4