IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-00411-03-CR-W-HFS |
| | ) | |
| LAFAYETTE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant has been in detention for more than fifteen months awaiting trial in this multi-defendant litigation, the complexity of which is suggested by the filing of more than 200 documents, many of which deal with multiple subjects. He contends he has been denied his Sixth Amendment right to a speedy trial, while tacitly acknowledges there has been no statutory violation. The principle case relied on is <u>United States v. Shepard</u>, 462 F.3d 847 (8th Cir. 2006), largely because of a reference to presumptive prejudice when delay exceeds one year. In that case a 17 month delay was held to be Constitutionally permissible. It is apparent, from the lack of pertinent citations, that the examination of the delay issue is highly fact-specific.

Magistrate Judge Larsen, who has been intimately involved in the pretrial preparations, has issued a report and recommendation (Doc. 209) urging denial of the motion. I have reviewed the record and the briefing. While it is unfortunate and troubling that there has been lengthy pretrial incarceration that in effect punishes significantly in advance of a guilty verdict I am unable to conclude that there has been a Sixth Amendment violation.

According to defendant's briefing, while the client may have been impatient, counsel had been insistent that trial commence no later than November 3, 2008. Doc. 208, page 3. The delays since then have been aggravating, but are not attributable to the Government, and cannot plausibly be described as breaking points regarding defendant's memory. Absent a record to the contrary I would suppose that pertinent memories are not much more likely to have faded after 15 months than after eight or ten months, although I take it that defendant will have an appeal point that I am not putting much reliance on the 12 month "presumption." Whether highly detailed and thus forgettable testimony is required from defendant is not shown at this stage but may be developed at trial.[*]

For reasons stated by Judge Larsen and outlined here, the motion to dismiss (Doc. 208) is hereby DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April   16  , 2009

Kansas City, Missouri

---

[*]Delay should enhance the power of cross-examination of the Government witness who identifies misconduct by defendant.

2